UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BUXBAUM, <br><br> Plaintiff, <br><br> -against- <br><br> TD BANK, N.A., <br><br> Defendant. | 24-CV-10081 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against TD Bank. He alleges that, on December 18, 2024, TD Bank did not carry out a wire transfer. The Court dismisses the complaint without prejudice for the following reason.

Plaintiff has previously submitted to this court a substantially similar complaint against Defendant TD Bank. That case is presently pending before the Honorable Katherine Polk Failla of this court under docket number 24-CV-09832 (KPF). In that complaint, Plaintiff alleges that on December 17, 2024, "TD Bank refuse[d] to activate [his] debit card to spend money," and he seeks to "[u]nrestrict the accounts." As this complaint is against the same defendant and the claims are arguably related, no useful purpose would be served by litigating this duplicate lawsuit.[1] Therefore, this complaint is dismissed without prejudice to Plaintiff's pending case under docket number 24-CV-09832 (KPF).[2]

---

[1] Plaintiff has brought a third suit against the same defendant, *Buxbaum v. TD Bank*, No. 25-CV-0224, in which Plaintiff alleges that on December 16, 2024, he deposited a cashier's check into his account at TD Bank, and then gave further instructions to TD Bank that were not followed.

[2] To the extent that the claims raised in this action and in *Buxbaum*, No. 25-CV-0224, expand upon the claims raised in *Buxbaum*, No. 24-CV-09832 (KPF), Plaintiff can, insofar as Rule 15 of the Federal Rules of Civil Procedure permits, amend his earlier complaint to include such claims.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice as duplicative of his complaint pending under docket number 24-CV-09832 (KPF).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   January 13, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge